1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    MS. LONNIE WILLIAMS,                              Civil No.    11cv2363-WQH (NLS)

12                                   Petitioner,

13                    v.                                **ORDER DENYING APPLICATION TO**
                                                        **PROCEED IN FORMA PAUPERIS AND**
14    D. BARAMO, Warden, et al.,                        **DISMISSING CASE WITHOUT**
                                                        **PREJUDICE**
                                 Respondents.
15

16         Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas

17   Corpus pursuant to 28 U.S.C. § 2254, accompanied by a motion to proceed in forma pauperis.

18   The Petition is subject to dismissal because Petitioner has failed to satisfy the filing fee

19   requirement and failed to allege exhaustion of state court remedies.  In addition, Petitioner is

20   challenging the conditions of confinement rather than the fact or duration of incarceration, and

21   the claims are properly brought in a civil rights action pursuant to 42 U.S.C. § 1983 rather than

22   in a habeas petition.

23                     **FAILURE TO SATISFY FILING FEE REQUIREMENT**

24         The request to proceed in forma pauperis is **DENIED** because Petitioner has not provided

25   the Court with sufficient information to determine Petitioner's financial status.  A request to

26   proceed in forma pauperis made by a state prisoner must include a certificate from the warden

27   or other appropriate officer showing the amount of money or securities Petitioner has on account

28   in the institution.  Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2.  Petitioner has failed to

1   provide the Court with the required Prison Certificate.  Because this Court cannot proceed until

2   Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court

3   **DISMISSES** the case without prejudice.  See Rule 3(a), 28 U.S.C. foll. § 2254.

4   ### FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

5   Further, habeas petitioners who wish to challenge either their state court conviction or the

6   length of their confinement in state prison, must first exhaust state judicial remedies.  28 U.S.C.

7   § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial

8   remedies, a California state prisoner must present the California Supreme Court with a fair

9   opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  28

10  U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34.  Moreover, to properly exhaust state court

11  remedies a petitioner must allege, in state court, how one or more of his or her federal rights

12  have been violated.  The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned:

13  "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal

14  rights, they must surely be alerted to the fact that the prisoners are asserting claims under the

15  United States Constitution."  Id. at 365-66 (emphasis added).  For example, "[i]f a habeas

16  petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the

17  due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only

18  in federal court, but in state court."  Id. at 366 (emphasis added).

19  Petitioner indicates that the claims alleged in the Petition have not been presented to the

20  California Supreme Court.  (Pet. at 6-7.)  The burden of proving that a claim has been exhausted

21  lies with the petitioner.  Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

22  ### FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

23  The Court would ordinarily provide Petitioner with the opportunity to satisfy the filing

24  fee requirement and an opportunity to file an amended petition alleging exhaustion of state court

25  remedies, if possible, in order to avoid dismissal.  However, Petitioner has failed to allege that

26  Petitioner's state court conviction or sentence violates the Constitution of the United States, or

27  that Petitioner is otherwise in custody in violation of federal law, and has therefore failed to state

28  a claim cognizable on federal habeas.

1    Title 28, United States Code, § 2254(a), sets forth the following scope of review for

2  federal habeas corpus claims:

3          The Supreme Court, a Justice thereof, a circuit judge, or a district
           court shall entertain an application for a writ of habeas corpus in
4          behalf of a person in custody pursuant to the judgment of a State
           court only on the ground that he is in custody in <u>violation of the</u>
5          <u>Constitution or laws or treaties of the United States.</u>

6  28 U.S.C. § 2254(a) (emphasis added).  <u>See</u> <u>Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th Cir.

7  1991); <u>Mannhalt v. Reed</u>, 847 F.2d 576, 579 (9th Cir. 1988); <u>Kealohapauole v. Shimoda</u>, 800

8  F.2d 1463, 1464-65 (9th Cir. 1986).  Thus, to present a cognizable federal habeas corpus claim

9  under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of

10  a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the

11  United States."  <u>See</u> 28 U.S.C. § 2254(a).

12    Here, Petitioner alleges denial of access to legal and personal property, and denial of

13  access to the law library.  (<u>See</u> Pet. at 6-7.)  Challenges to the fact or duration of confinement

14  are properly brought in a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254,

15  whereas challenges to conditions of confinement are brought pursuant to the Civil Rights Act,

16  42 U.S.C. § 1983.  <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-500 (1973).  When a state

17  prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he

18  or she seeks is a determination that he or she is entitled to immediate release or a speedier

19  release, the sole federal remedy is a writ of habeas corpus.  <u>Id.</u> at 500.  On the other hand, a

20  § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge

21  to the conditions of prison life, including denial of access to the courts and denial of access to

22  personal property, but not to the fact or length of custody.  <u>Id.</u> at 499; <u>McIntosh v. United States</u>

23  <u>Parole Comm'n</u>, 115 F.3d 809, 811-12 (10th Cir. 1997).

24    <u>Preiser</u> left open the possibility of assertion of a conditions-of-confinement claim in a

25  habeas application where additional and unconstitutional restraints are at issue.  <u>See</u> <u>Preiser</u>, 411

26  U.S. at 499 ("This is not to say that habeas corpus may not also be available to challenge such

27  prison conditions. When a prisoner is put under additional and unconstitutional restraints during

28  his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the

1  custody illegal.")  The allegations of lack of access to the law library and denial of access to

2  personal and legal property are not the type of "additional and unconstitutional restraints" which

3  are distinct from conditions of confinement, and Petitioner's allegations therefore do not state

4  a claim cognizable on federal habeas.  Wilwording v. Swenson, 404 U.S. 249, 251 (1971);

5  Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991).

6       Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a

7  habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that

8  the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll. § 2254.

9  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas

10  relief because Petitioner has failed to satisfy the filing fee requirement, failed to allege

11  exhaustion of state court remedies, and failed to state a claim cognizable on federal habeas.

12  Petitioner is free to present the claims alleged in the Petition in a separate civil rights complaint

13  pursuant to 42 U.S.C. § 1983. which will be assigned a separate civil case number.

14                        **CONCLUSION AND ORDER**

15       Accordingly, the Court **DISMISSES** the Petition without prejudice due to Petitioner's

16  failure to satisfy the filing fee requirement, failure to allege exhaustion of state court remedies,

17  and failure to state a claim cognizable on federal habeas.  The dismissal is without prejudice to

18  Petitioner to present the claims in a civil rights complaint pursuant to 42 U.S.C. § 1983, rather

19  than a habeas petition, which will be assigned a separate civil number.  The Clerk of Court shall

20  send Petitioner a blank Southern District of California civil rights Complaint form along with

21  a copy of this Order.

22       The Clerk shall close the case.

23       **IT IS SO ORDERED.**

24
    DATED:  October 14, 2011

25

26                                              **WILLIAM Q. HAYES**
                                                United States District Judge

27

28